## Steudler, Administratrix, v. Rust Engineering Company et al.

*Thomas G. Gregory, Benjamin R. Coppolo* and *Alvin B. Coppolo*, for plaintiff.

*A. J. Straub*, for American Superheater Co., Inc.

*Paul B. Greiner*, for Rust Engineering Company.

*Robert F. Pontzer*, for General American Transportation Corporation.

HIPPLE, P. J., September 18, 1951.—This matter comes before the court on the motion of General American Transportation Corporation, a defendant, for judgment on the pleadings in its favor.

The record shows the complaint was filed on May 31, 1951, with notice endorsed thereon to plead within 20 days from service thereof. Service was made upon this defendant on June 5, 1951. On June 23, 1951, an appearance was entered of record for this defendant. By verbal agreement of counsel, the time for filing an answer by this defendant was extended from time to time, one extension being by correspondence between counsel, plaintiff's counsel by letter dated July 3, 1951, agreeing to extend the time to August 15, 1951. Subsequently, an additional extension was requested by counsel for this defendant which was granted by counsel for plaintiff to September 1, 1951, provided the answer would be a responsive denial, with no new matter, nor anything requiring further pleading on plaintiff's

part and that the case would be placed upon the list for trial during the October 1951 term of court.

On August 28, 1951, the case was placed upon the list for trial at the October 1951 term, and on August 31, 1951, this defendant, General American Transportation Corporation, filed a responsive answer. Subsequently on September 4, 1951, this defendant filed a motion for judgment on the pleadings upon the general ground that the complaint showed no relationship between plaintiff's decedent and this defendant, and did not set forth a cause of action showing any negligence on the part of this defendant.

On September 12, 1951, plaintiff filed its motion to strike off the motion for judgment on the pleadings for the reason that it was untimely made and in support thereof cites Rule 1034 of the Rules of Civil Procedure Governing Actions at Law, which provides:

"(a) After the pleadings are closed, but *within such time as not to delay the trial,* any party may move for judgment on the pleadings. (b) The Court shall enter such judgment or order as shall be proper on the pleadings." (Italics supplied.)

While it is true that rule 1034 provides for a motion for judgment on the pleadings after the pleadings are closed, it also provides that the motion must be made within such time as not to delay the trial. We are of the opinion that this motion was made too late. The case was placed upon the list for trial. Apparently it was understood that it would be tried at the October 1951 term of court, and if, as ordered by counsel for defendant, the motion was placed upon the argument list to be heard at the next argument court, which would not be until after the October 1951 term, the effect of that motion or pleading is to delay the trial.

A period of 87 days elapsed from the time the complaint was served upon this defendant until its answer was filed. This gave to defendant sufficient time within

which to examine the complaint, obtain the information necessary to defend the same and file its answer, or, if it felt that plaintiff's complaint was not specific or did not set forth a cause of action against it, to file either a petition for a more specific complaint or a demurrer under Rule 1017 of the Rules of Civil Procedure.

The court has been informed by defendant's counsel that the delay arose in part because of negotiations between this defendant and its insurance carrier to determine whether the insurance carrier would assume the burden of the defense, and also because of the necessary delay in passing information between Elk County and Chicago, Ill. These, however, in our opinion are not sufficient reasons. If the insurance carrier refused to assume the burden of defense, defendant could have formally notified the insurance company it would defend but with recourse over against the insurance company in event of an adverse verdict.

The case of Weygandt v. Bell Telephone Company, 65 D. & C. 177-180, is authority for the proposition that a motion for judgment on the pleadings must be made at such time as not to delay the trial. While it is true that in that case, the motion for judgment was not made until approximately five months after the last pleading had been filed, and about one month after the case had been placed upon the list for trial, nevertheless, in view of the repeated extensions granted to this defendant to file its pleadings, there was ample time for it to determine what course it would pursue. We hold, therefore, that the motion for judgment cannot prevail because it was filed at a time which would delay the trial at the October 1951 term, which convenes on October 8, 1951.

Moreover, an examination of plaintiff's complaint and defendant's responsive answer shows that the motion for judgment on the pleadings cannot be sustained.

Paragraph 5 of the complaint alleges that the soda recovery plant, which exploded and caused the death of plaintiff's decedent, and its attachments were "planned, designed and *constructed* so defectively and improperly that they were wholly unfit for operation for the recovery of soda from said liquors with safety to the persons required to attend the same in carrying on the operation for which they were intended; and by reason of said unfitness heated, burning and molten substances escaped from said tank, and as a direct result thereof, caused the death of this plaintiff's decedent."

Paragraph 7 alleges that this defendant, General American Transportation Corporation, *"fabricated and installed* said tank, boilers, burners, *explosion doors*, valves, meter-lines, meters and other items forming part of the soda recovery equipment called for in the agreements referred to in paragraph 5 hereof. That said equipment was *fabricated and installed* so improperly and defectively that it was wholly unfit for operation for the recovery of soda from said liquors", etc.

Paragraph 8(*d*) alleges that defendants, and each of them (including General American Transportation Corporation), were reckless and negligent in the following respects, to wit: "In designing, planning and *constructing* the explosion doors of said steel tank at a place thereon in close proximity to where persons lawfully upon the premises of said soda recovery plant would likely be without making any provision for the control, of the burning, heated and molten substances which would escape from the explosion doors." In subsection (*h*) of paragraph 8 it is alleged that all defendants were reckless and negligent in designing, *fabricating* and *installing* a furnace and dissolving tank, the

general operational scheme of which was defective and *unsafe in the particulars therein set forth.*

In paragraph 9 it is alleged that an explosion occurred in the tank on January 3, 1951, while repairs were being made to a meter line attached to the tank near the explosion doors by a service man in charge of Combustion Engineering—Superheater, Inc., which company was then and there *in conjunction with the other defendants* testing the soda recovery plant.

In defendant's responsive answer, paragraph 4, while denying that it fabricated or installed any boilers, burners, valves, meter lines, meters or other items forming a part of the equipment of the soda recovery plant, and alleging that it had nothing further to do with the tanks or the installation, operation, maintenance or testing thereof after October 2, 1950, when the tanks and the installations were accepted and approved by Rust Engineering Company, one of the defendants, this defendant does admit that it fabricated and installed the shells of the tanks, and "the explosion hatches, man-holes and the shell fittings forming part thereof, said shell fittings consisting of certain nozzles or fittings for attachment into the side of said tanks" and that it fabricated and installed the tanks under plans and specifications prepared by the two other defendants.

In paragraph 5 defendant denies all of the allegations contained in paragraph 8 of the complaint but generally admits the *construction*, erection and *installation* of the tanks in question on foundations and at a location designated by Rust Engineering Company, and in paragraph 6 it denies that it was testing the soda recovery plant in conjunction with the other two defendants, or that it had anything whatsoever to do with the soda recovery plant, or any part thereof on January 3, 1951.

The complaint sufficiently alleges negligence on the part of this defendant in conjunction with the other two defendants. The answer of this defendant is responsive and raises questions of fact which should be submitted to a jury if plaintiff's proof is sufficient for that purpose.

It may well be that upon the trial of the case, the evidence will be such as to justify the court either in entering a nonsuit as to this defendant or judgment notwithstanding the verdict, if a verdict should be rendered against defendant. That, however, is a matter depending upon the evidence at the trial.

## Order

Now, September 18, 1951, the motion of General American Transportation Corporation for judgment on the pleadings is refused, and the motion of plaintiff to strike off the motion for judgment on the pleadings is sustained.